## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

PEGGY ANNETTE CAIN,

                Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner, Social Security
Administration,

                Defendant.

Case No. 16-CV-640-GKF-FHM

## REPORT AND RECOMMENDATION

Plaintiff, Peggy Annette Cain, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's August 29, 2013, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") John W. Belcher was held January 21, 2015. By decision dated May 14, 2015, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on August 12, 2016. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 42 years old on the alleged date of onset of disability and 46 on the date of the ALJ's denial decision She completed the 10th grade and formerly worked as a health aide, cashier/stocker, a daycare worker, and a hospital cleaner. She claims to have been unable to work since July 26, 2011, as a result of degenerative disc disease of the lumbar and cervical spine, obesity, and diabetes mellitus with neuropathy.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform sedentary work which includes lifting/carrying and pushing/pulling 10 pounds, standing/walking 30 minutes at a time for two hours in an eight-hour workday, with some postural limitations. She can perform simple routine repetitive tasks, have superficial contact with co-workers and supervisors, and she should avoid contact with the public. [R. 21]. Although Plaintiff is unable to perform her past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus

2

decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

**Plaintiff's Allegations**

Plaintiff asserts that: the ALJ erred in making the determination about her credibility; two of the jobs relied on by the ALJ to find that she is not disabled are beyond her RFC for performing simple routine repetitive tasks; and the remaining job relied on by the ALJ does not exist in significant enough numbers to support the finding that she is not disabled.[2]

**Analysis**

Credibility Determination

Credibility determinations are the province of the ALJ as factfinder. The court will not upset such findings if they are supported by substantial evidence and if they are closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010). The ALJ is not required to make a formalistic factor-by-factor recitation of the evidence as long as the specific evidence relied on in evaluating credibility is set forth. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012).

The ALJ accurately summarized the medical evidence and found that the evidence reflects a history of degenerative disc disease, diabetic neuropathy, and complaints of hip pain. The ALJ limited Plaintiff to sedentary work and limited her standing and walking to 30 minutes at a time for 2 hours in a workday. [R. 23]. The ALJ thus gave credit to some

---

[2] The undersigned has rearranged Plaintiff's arguments to address them in a logical order.

of Plaintiff's complaints, but found that her complaints about the limiting effects of her impairments were only partial credible because they were not consistent with the medical evidence as a whole.  [R. 22].  In making this finding the ALJ pointed to findings of normal muscle tone and strength, negative straight leg raising tests, range of motion testing, and the opinion of the state agency medical consultants' opinions on reconsideration.  [R. 22-24].  The undersigned finds that the ALJ applied the correct legal standards and tied his findings to the evidence.  Plaintiff offers arguments against the factors cited by the ALJ in support of his credibility finding.  The court views those arguments as an invitation to engage in impermissible reweighing of the evidence.  As the Tenth Circuit has instructed, the court must decline that invitation.  *See Rabon v. Astrue*, 464 Fed. Appx. 732, 735-36 (10th Cir. 2012)(citing *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005)).

Compatibility with RFC of Jobs Identified by the Vocational Expert

The ALJ found that Plaintiff can perform work involving simple routine repetitive tasks.  [R. 21].  Plaintiff argues that these mental limitations are incompatible with two of the three jobs identified by the vocational expert because the Dictionary of Occupational Titles (DOT) assigns the jobs a reasoning level 3.

The DOT rates the General Educational Development (GED) required of the worker for satisfactory job performance.  GED addresses:  reasoning development; mathematical development; and language (reading, writing, speaking) development.  DOT Appendix C–Components of the Definition Trailer, 1991 WL 688702.  Reasoning development is rated from 1 to 6, with 6 requiring the most advanced reasoning skills.  DOT App. C.  The DOT assigns the document specialist and surveillance system monitor jobs identified by the vocational expert a reasoning level 3 which requires the worker to apply commonsense

4

understanding to carry out instructions furnished in written, oral, or diagrammatic form. DOT App. C, 1991 WL 688702; DOT # 379.367-010; DOT # 249.587-018.  According to Plaintiff, the RFC limitation of being limited to the performance of simple routine repetitive tasks is not compatible with a job which requires level three reasoning.  However, the DOT's reasoning level is not the only measure in the DOT of the complexity of a job.

The vocational expert identified jobs with an SVP (specific vocational preparation) rating of 2 as being responsive to the ALJ's hypothetical question that included the limitation to understand, remember, and carry out simple instructions in a work-related setting.  [R. 62-63].  The SVP rating addresses the time required by a typical worker to learn to perform a job.  The training for SVP may be acquired in a school, work, military, institutional, or vocational environment, but does not include the time for a fully qualified worker to become oriented to the special conditions of a new job.  DOT, Appendix C–Components of the Definition Trailer, Specific Vocational Preparation, 1991 WL 688702. The DOT rates the SVP for jobs from 0 to 9, with 9 being the most time to learn the job. SVP 2 is anything beyond short demonstration up to and including one month.  *Id.*

The fact that the vocational expert identified the jobs responsive to the hypothetical question in terms of SVP signifies that the vocational expert understood SVP to be an appropriate indicator of the complexity of the job.  The undersigned finds that the jobs identified by the vocational expert with reasoning level three are not clearly beyond Plaintiff's RFC so as to require remand for further consideration.

<u>Sufficient Number of Jobs in the National Economy</u>

To support a finding that an individual is not disabled, at step five in the sequential evaluation process, the Commissioner must provide evidence that demonstrates that work exists in significant numbers in the national economy that the claimant can do given his or her RFC, age, education, and work experience.  20 C.F.R. §§ 404.1512(f), 404.1560(c), 416.912(f), 416.960(c).  The vocational expert identified three jobs that were representative of occupations available to one of Plaintiff's age, experience, education, and RFC:  touch up screener, 15,900 jobs; document specialist, 14,700 jobs; and surveillance system monitor, 9,900 jobs.  [R. 26, 63].

Focusing on only the touch-up screener job, Plaintiff asserts that the number of jobs is not sufficient.  In support of this assertion, Plaintiff quotes vocational expert testimony from a case decided in the Eastern District of Oklahoma, *McDonald v. Colvin*, 2015 WL 3749392 (E.D. Okla), to the effect that 560 touch up screener jobs exist in Oklahoma.  Based on the testimony given in the *McDonald* case, Plaintiff asserts that the ALJ in this case was required to conduct an analysis of factors discussed in *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992).

There is no basis for this court to use vocational expert testimony from another case to impose the additional analytical steps Plaintiff advocates in this case.  Furthermore, *Trimiar* does not impose the analysis Plaintiff suggests.  In *Trimiar* the Court rejected the opportunity to address what constitutes a significant number of jobs and expressed its belief that each case should be evaluated on its individual merits.  The Court noted several factors go into the proper evaluation of significant numbers and listed factors included in an Eighth Circuit decision.  *Id.*  The Court did not rule that those factors must be discussed

6

in every decision.  In *Raymond v Astrue*, 356 Fed. Appx. 173, 178 n.2 (10th Cir. 2009) a panel of the Court stated that *Trimiar* does not require the performance of a multi-factor analysis.  The Court noted that the vocational expert in *Trimiar* only testified to the number of jobs in the regional economy and since the number of such jobs was a relatively small number, the *Trimiar* Court turned to the multi-factor analysis to help it resolve the question whether 650 to 900 jobs was a significant number.  Plaintiff seems to argue that in *Stokes v. Astrue*, 274 Fed. Appx. 675, 684 (10th Cir. 2008) the Tenth Circuit set up 152,000 jobs as being the floor for a "significant number" of jobs.  *Stokes* cannot reasonably be read as setting up any such benchmark.

The present case does not deal with the small number of jobs considered in *Trimiar*. In the present case, the vocational expert properly expressed the number of jobs in terms of the number available in the national (not regional) economy.  20 C.F.R. § 416.966(c). And, the number of jobs available to Plaintiff is not limited to the one occupation of touch up screener as Plaintiff seems to argue, but the aggregate number of the three jobs identified, which is 40,500 jobs.  The undersigned finds that Plaintiff has not demonstrated any error in the ALJ's analysis at step 5.  The undersigned further finds that the ALJ's step 5 conclusion is supported by substantial evidence.

## Conclusion

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision.  Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

7

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation.  Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before November 14, 2017.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions."  *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).  Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 31st day of October, 2017.

Frank H. McCarthy

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

8